12

### Marcus O. Benson and Minerva J. Benson, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 110010.    Promulgated June 1, 1943.

*Marcus O. Benson* pro se.
*Alva C. Baird, Esq.*, for the respondent.

OPINION.

SMITH, *Judge:* The questions presented are whether the petitioner as an officer of the California Highway Patrol is entitled to deduct from his gross income of 1940 $120.02 representing the cost of new items of uniform purchased during the year and $52.50 paid for the cleaning of his uniform.

Section 23 (a) (1) of the Internal Revenue Code permits the deduction from gross income of "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Subdivision (2) of the same section, added by section 121 of the Revenue Act of 1942. provides:

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

Section 24 of the Internal Revenue Code provides in part: "(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—(1) Personal, living, or family expenses."

Are the amounts paid out by the petitioner deductible from gross income as ordinary and necessary expenses of carrying on a trade or business, or for the production of income within the intent of section 23 (a) of the Internal Revenue Code, as amended by section 121 of the Revenue Act of 1942, or are they to be disallowed as deductions from gross income as coming within the category of "Personal. living. of family expenses?" The respondent's regulations upon the question

presented are noncommital. In section 19.24–1 of Regulations 103 it is stated:

\* \* \* The cost of equipment of any Army officer to the extent only that it is especially required by his profession and does not merely take the place of articles required in civilian life is deductible. .

The respondent does not question the right of the petitioner to deduct from gross income any amount paid by him for a revolver, holster, belt, handcuffs, etc. He admits that these are necessary expenses of carrying on petitioner's trade or business. He says, however, that his uniform takes the place of his civilian clothes and that the cost thereof constitutes a personal expense which may not be deducted.

The respondent has promulgated numerous rulings which have a bearing upon the question presented. They have not been entirely consistent.

In I. T. 1488, Cumulative Bulletin 1922–2, p. 145, it was held:

Uniforms of nurses, railway trainmen, barbers, surgeons, and baseball players are held to take the place of ordinary clothing and the amounts expended by the wearer for the purchase of such uniforms are therefore held to be personal expenses, the deduction of which is specifically denied by section 215 (a) (1) of the Revenue Act of 1921.

This ruling was changed in part by G. C. M. 19790, Cumulative Bulletin 1928–1, p. 118, to permit the deduction of the cost of uniforms purchased by baseball players where they were not suitable for civilian wear. The Commissioner also held in that ruling that amounts spent for theatrical costumes purchased exclusively for use in the production of a play, and unsuitable for civilian wear, are likewise deductible from gross income.

In G. C. M. 19662, Cumulative Bulletin 1928–1, p. 118, it is held:

\* \* \* that expenditures by jockeys for purchasing and for cleaning riding apparel used solely in the conduct of their business are allowable deductions from gross income under section 23 (a) of the Revenue Act of 1936.

In I. T. 3373, Cumulative Bulletin 1940–1, p. 28, it is said:

The Bureau holds that where certain articles of wearing apparel are specifically required by the taxpayer's business, being used solely in his business, and such articles are not adaptable to general or continued wear to the extent that they may be said to replace the wearer's regular clothing, the cost thereof is a deductible business expense. (See G. C. M. 19662, C. B. 1938–1, 118, and G. C. M. 19790, C. B. 1938–1, 118.) This rule applies to helmets, rubber coats, and rubber boots purchased and worn by firemen and policemen in the employ of the City of R. The cost of such articles is, therefore, an allowable deduction for Federal income tax purposes.

The respondent has also held that money allowance received by naval officers for uniforms is not subject to Federal income tax. I. T. 3597, Cumulative Bulletin 1943–3, p. 3, and that allowances received

by personnel of the Army for uniforms are not subject to income tax and should be excluded from gross income of the recipients. I. T. 3603, Cumulative Bulletin 1943–5, p. 3.

Whether amounts expended in the acquisition of uniforms required in a trade or business and for keeping them clean and in repair constitute deductible expenses is a question of fact which must be determined upon the evidence in each case.

The evidence in this case shows that the uniform of this officer in the California Highway Patrol is used. ordinarily, only while the officer is on actual duty; that the cost of such uniform is two or three times as great as the cost of a suit of clothes for civilian wear; that the uniform is subject to severe wear and tear; and that an officer is under a considerable expense for keeping his uniform clean and in repair. We can see no reason for treating these expenditures differently from those relating to the cost of other equipment which the respondent allows.

Upon the evidence of record we are of the opinion that the amounts spent by the petitioner for new parts of his uniform in 1940 and for cleaning are legal deductions from gross income.

*Decision of no deficiency will be entered.*