Alexander Fred. Vahrenkamp and Lucy Orr Vahrenkamp v. Commissioner.
Vahrenkamp v. Commissioner
Docket No. 111588.
United States Tax Court
1943 Tax Ct. Memo LEXIS 272; 2 T.C.M. (CCH) 206; T.C.M. (RIA) 43263; June 2, 1943
*272 W. H. Metson, Esq., for the petitioners. Alva C. Baird, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This proceeding is for the redetermination of a deficiency in income tax for 1940 in the amount of $9.66. The petitioners allege that the respondent erred in the determination of the deficiency by disallowing the deduction of $100 paid for a new uniform and $132 interest paid upon indebtedness. [The Facts]
The petitioners are husband and wife and residents of Alameda, California. They filed a joint income tax return for 1940 with the collector of internal revenue at San Francisco. The husband will hereinafter be referred to as the petitioner. The petitioner is and has been for a number of years a member of the California Highway Patrol. As such he is required to purchase his own uniform and renewals thereof. He is required to wear this uniform while on duty. He does not wear it except on duty. There are several reasons for this. First, civilian clothing is much cheaper; second, the riding breeches and boots are not as comfortable as civilian clothes; and, third, while in uniform the public looks upon him as an officer on duty even though he is not on duty *273 and while in his uniform he is called upon by the public to perform the duties of a policeman. During the year 1940 the petitioner spent $100 for new articles of uniform. He claimed the deduction of this amount in his income tax return for 1940 but this was disallowed by the respondent. During 1940 the petitioner also spent $132 for interest upon indebtedness. The petitioner purchased an automobile in 1939 on the installment plan. He completed the payment of installments in 1940 and in connection with the payment of such installments he paid in that year $132 interest. The petitioner deducted this amount of interest from his gross income, which was disallowed by the respondent in the determination of the deficiency. [Opinion] Upon the evidence of record we are of the opinion that the petitioner is entitled to deduct from his gross income the $100 which he paid for new equipment. This constituted an ordinary and necessary expense of earning his livelihood. See Marcus O. Benson, 2 T.C. 12. The $132 paid by the petitioner in 1940 represents interest paid upon indebtedness. It is a legal deduction from gross income. Decision will be entered *274 under Rule 50.