Charles Wildman and Myrtle Wildman v. Commissioner. *
Wildman v. Commissioner
Docket No. 10061.
United States Tax Court
1946 Tax Ct. Memo LEXIS 102; 5 T.C.M. (CCH) 712; T.C.M. (RIA) 46201; August 14, 1946
*102 T. M. Ingersoll, Esq., 1120 Merchants Bank Bldg., Cedar Rapids, Ia., for the petitioner. Jackson L. Boughner, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in petitioners' income tax liability for the year 1943 in the sum of $39.22. Except for the amount of 98 cents, representing an error in addition in petitioners' return, the deficiency results from respondent's determination that a deduction taken by petitioners representing the cost and cleaning of the uniforms of petitioner, Charles Wildman, a railroad conductor, was a personal expense and therefore not deductible. Findings of Fact Petitioners are husband and wife, residents of Champaign, Ill., and filed a joint income tax return for the calendar year 1943 with the collector of internal revenue for the eighth district of Illinois, and are on a cash basis. Petitioner, Charles Wildman, is, and has been for approximately thirty-eight years, a railroad conductor employed by the Illinois Central Railroad Co., and was engaged exclusively as a railroad passenger conductor during the calendar year 1943. The petitioner, Charles Wildman, while serving *103 as a railroad conductor, is required to furnish his own uniform and is not reimbursed therefor. The uniform is prescribed by the railroad company and he is required to wear the prescribed uniform while on duty. He is also required by the railroad company to keep the uniform neat and clean at all times at his own expense. The prescribed uniform consists of a cap, coat, vest and trousers. The cap is a bellshaped cap with a leather visor, black silk band, gold braid trim, the word "Conductor" in raised polished letters thereon, and with brass buttons. The coat is a four-button sack coat with large permanently affixed brass buttons. There are brass buttons on each sleeve, special brass insignia, "I.C." on the lapel and raised gold braid stars and service stripes on the left sleeve. The coat has five special inside pockets and five special outside pockets for carrying the tariffs, rules and other records required to be carried by a railroad conductor. The pockets are specially designed and reinforced and the coat is heavily padded to retain its shape against the weight carried in the pockets and the heavy service to which the coat is subjected. The vest is specially constructed, with *104 six brass buttons, high cut with five outside pockets, and one inside pocket. The trousers are full cut, with six outside pockets. The pockets are specially designed, heavily reinforced and include a special pocket for a punch. Neither the cut of the uniform nor the method by which it is made is customary for civilian clothing. All brass buttons on the uniform have the raised letters "I.C." thereon, referring to the Illinois Central Railroad Co.
The petitioner, Charles Wildman, wears his uniform only while engaged in the performance of his duties and changes to civilian clothing when he leaves his post of duty. He maintains a quota of civilian clothing in addition to his uniforms. Custom and usage prevent the use of the uniform except while on duty. During the year 1943, petitioner was on duty from 42 to 48 hours a week. He had three "runs" from Chicago, Ill., to Centralia, Ill., and return, each leg of the round trip taking from 5 hours and 45 minutes to 7 hours and 35 minutes. On one "run" there was a layover of a little less than a day at Centralia. While on this "run" petitioner changed into civilian clothes while in Centralia. On the other two "runs" there were layovers of *105 1 hour and 25 minutes, and 2 hours and 25 minutes, respectively, at Centralia. While on these "runs" he changed into civilian clothes on the completion of each round trip to Chicago. The duties of the petitioner, Charles Wild man, include work about the train of such nature as to place a heavy strain upon the uniform; the uniform is frequently soiled. The uniforms of the petitioner, Charles Wildman, are not adapted to general and continued wear in the same manner as regular civilian clothing and do not replace the regular civilian clothing of said petitioner. During the calendar year 1943 the petitioner, Charles Wildman, expended the sum of $136.15 for cleaning service and uniforms, and neither of the petitioners was reimbursed therefor. Petitioners, in their joint income tax return for the calendar year 1943, deducted the sum of $136.15 which sum was disallowed by the respondent in the determination of the deficiency. The deductions claimed by the petitioners were ordinary and necessary expenses of carrying on a trade or business and of earning income. Opinion KERN, Judge: In our opinion the facts shown by the record herein and set forth in our findings bring this case *106 within the principle of Marcus O. Benson, 2 T.C. 12, affirmed 146 Fed. (2d) 191; and Helen Krusko Harsaghy, 2 T.C. 484. On the authority of those cases we decide the issue presented in favor of petitioner. Decision will be entered under Rule 50. Footnotes
*. See Tax Court order amending this opinion at page 896, CCH↩