Alma Thurman v. Commissioner.
Thurman v. Commissioner
Docket No. 10185.
United States Tax Court
1947 Tax Ct. Memo LEXIS 235; 6 T.C.M. (CCH) 409; T.C.M. (RIA) 47100; April 23, 1947
*235 J. Mills Newton, Esq., Box 721, Danville, Va., for the petitioner. George J. LeBlanc, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent has determined a deficiency of $158.33 in petitioner's income tax for 1943. Owing to the "forgiveness" feature of the 1943 tax, the correct income for the prior year is required to be determined for the purpose of the computation. The deficiency here results from disallowances made by respondent of deductions claimed by petitioner for both 1942 and 1943. Certain issues raised have been conceded by respondent upon brief. The issues presented for determination are whether respondent erred in: (a) disallowing a deduction claimed by petitioner of $104 for 1942 and $156 for 1943, as amounts expended for the purchase and laundering of clothes worn by her while at work; (b) disallowing a deduction claimed of $25 for 1942, and $50 for 1943, as taxes paid on admissions; and (c) disallowing deductions claimed by petitioner of $30 for each of the years 1942 and 1943 for alleged streetcar and bus transportation between her home and her place of work. Findings of Fact Petitioner is a resident *236 of Danville, Virginia and, during the two years here involved, was employed as the tender of an Abbott winder in a textile mill in that city. Her return for each of those years was filed with the collector of internal revenue for the district of Virginia. Petitioner, in each of the years 1942 and 1943, purchased certain dresses, slips and socks for wear in the performance of her duties at the mill. She purchased these to save wear and tear and soiling of her street clothing which was of better quality. For the laundering of these articles of clothing so purchased petitioner paid her own funds. The purchase and laundering by petitioner of these articles of clothing were not required by her employer as an incident of her employment. In 1942 and 1943, petitioner attended some baseball and football games and paid, in addition to the cost of admission, the amount of taxes assessed thereon. Opinion Upon the hearing of this proceeding petitioner offered nothing in support of the contested deductions other than her own testimony. She kept absolutely no record of her expenditures and it is manifest from her testimony that the figures she has given represent a mere guess on her part. *237 Not only is this the case, but her testimony is so contradictory as to demonstrate to us that the facts as stated by her are distorted and exaggerated to such an extent as to destroy the credibility of her testimony and make it impossible for us to make a definite finding in amount as to any expenditure claimed. She admits that she had no income during the years in question except the sums paid her for her work, these being $1,227.34 for 1942 and $1,513.29 ($1,576.01 less tax withheld of $62.72) for 1943. In attempting to substantiate the deductions which she has taken upon her return, she testifies to expenditures of $1,632.45 for 1942 and $2,172.65 for 1943. With respect, however, to the deductions claimed by petitioner for the cost and laundering of work clothing, the deductions do not fall merely by reason of incredible evidence. The items are shown definitely to be of a nondeductible character. The work clothing was not a uniform required by the employer to be purchased and kept laundered at the expense of the employee as one of the conditions for employment. See Marcus O. Benson et ux., 2 T.C. 12; affd., 146 Fed. (2d) 191; Eleanor E. Meier, 2 T.C. 458; *238 Helen Krusko Harsaghy, 2 T.C. 484. Here the clothing was voluntarily purchased by petitioner for her own convenience to save wear and tear upon her other clothing worn at home and on the street. To allow petitioner the deduction of this expense would require the allowance of a proportionate part at least, of all clothing and all laundering expense, borne by all workers in the performance of their duties. The cost of such clothing is mani festly a personal expense. The claim for deduction of $25 in 1942 and $50 in 1943, as admission taxes paid, must fall because of our utter inability to determine even an approximate amount as so expended. Petitioner kept no record of her attendance at ball games and movies and the figures she gives are mere guesswork. It is noted that if we accepted as correct the figures of $25 and $50 in the respective years as tax paid, it would necessarily mean that petitioner expended $250 in 1942 and $500 in 1943 on these amusements. We think it incredible that petitioner could have expended such amounts from gross income of $1,227.34 and $1,576.01, realized in those years, and at the same time have clothed and supported herself and child. We *239 are unable to find any amount representing taxes paid by petitioner, and sustain respondent upon the disallowance. No evidence was presented by petitioner upon the issue as to the deduction of $30 for each of the years 1942 and 1943 as cost of streetcar or bus transportation between her residence and place of employment and this issue must be considered as abandoned. Decision will be entered under Rule 50.