Aaron E. Bergstein v. Commissioner.
Bergstein v. Commissioner
Docket No. 15397.
United States Tax Court
1949 Tax Ct. Memo LEXIS 269; 8 T.C.M. (CCH) 106; T.C.M. (RIA) 49022; February 7, 1949
*269 Respondent's action in disallowing net operating loss carry-over pursuant to section 122, I.R.C., approved. Nathan L. Reibman, Esq., Easton Tr. Bldg., Easton, Pa., and Emanuel M. Siegel, C.P.A., Alpha Bldg., Easton, Pa., for the petitioner. Karl W. Windhorst, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies in petitioner's income tax for the years 1943 and 1944 in the respective amounts of $2,537.45 and $11,631.51. Respondent, in the notice of deficiency, disallowed the deduction claimed by taxpayer in his 1943 income tax return for a net operating loss carry-over from the years 1941 and 1942 and the deduction claimed by the taxpayer in his 1944 tax return for a net operating loss carry-over from the year 1942. *270 [The Facts] The petitioner in his 1941, 1942, 1943 and 1944 individual income tax returns, which were filed with the collector of internal revenue for the twelfth district of Pennsylvania at Scranton, Pennsylvania, reported the following: 1941 Tax Return
Income
Miscellaneous Items
$ 9,367.18
Loss from operating "The Lounge"
(10,910.69)
Loss on sale of interest - Easton Paradise Bowling Alleys
(5,524.78)
Total Income
($ 7,068.19)
Deductions
Miscellaneous Items
1,130.62
Net Income
($ 8,198.81)
1942 Tax Return
Income
Miscellaneous Items
$10,757.47
Loss from operating "The Lounge"
($ 3,884.73)
Loss on sale of assets of "The Lounge"
(38,224.16)
Loss from operating clothing store
(489.89)
Total Income
($31,841.31)
Deductions
Miscellaneous Items
1,152.34
Net Income
($30,688.97)
1943 Tax Return
Income
Miscellaneous Items
$10,841.38
Deductions
Miscellaneous Items
605.05
Taxes - "The Lounge"
36.72
Net Loss - 1941
7,948.81
Net Loss - 1942
2,250.80
(Carry-over to 1944: $30,452.85 ($32,703.65 - $2,250.80))
$10,841.38
Net Income
1944 Tax Return
Income
Miscellaneous Items
$30,040.65
Deductions
Miscellaneous Items
$ 2,658.83
Net Operating Loss Carry-over
30,416.13
$33,474.96
(Net Loss - 1941
$ 7,948.81)
(Net Loss - 1942
32,703.65)
(Total
40,652.46)
(Net income - 1943
10,236.33)
(Net operating loss carry-over
30,416.13)
Net Income
*271 The petitioner, during the taxable years and for many years prior thereto, was engaged in the business of manufacturing men's trousers under contracts. In April 1940, petitioner and his son, Sol Bergstein, entered into a written partnership agreement to conduct a restaurant and night club known as "The Lounge", located at Easton, Pennsylvania. The partnership agreement provided that the petitioner and his son would share all profits and losses equally. Petitioner furnished all of the capital for furniture, fixtures, equipment and improvements in preparing The Lounge for operation. The son contributed no capital to the establishment of the operation but he served as manager of The Lounge during the years 1940 and 1941. The retail liquor license was issued in his name. In the latter part of 1941 the son was inducted into the armed forces of the United States. The Lounge was operated from sometime in 1940 until the early part of 1942. Losses were incurred in its operation from the beginning. The amount of such losses, or even a reasonable approximation of such amount, cannot be determined on the record made at the hearing. In the early part of 1942 The Lounge was liquidated and *272 its assets sold at public auction. The amount of loss sustained on the sale of the assets cannot be ascertained on the evidence of record. In the year 1937, petitioner and one Edward J. Calicchio formed a partnership for the operation of a bowling alley known as the "Easton Paradise Bowling Alleys", located at Easton, Pennsylvania. Petitioner invested in connection with the partnership an amount estimated at $19,000 in preparing the property for operation. In 1941 petitioner sold his partnership interest in the bowling alley to a third party for $13,000. In his tax returns, petitioner claimed the various amounts first above stated as net operating loss deductions. [Opinion] On the above facts, petitioner asks us to reverse Commissioner's action in disallowing the net operating loss carry-overs. Respondent contends that the record fails to establish the fact that any loss occurred in 1941 or 1942, and, further, that as a matter of law even if the amount of the loss were established, taxpayer cannot carry forward such amounts in computing the net operating loss carry-over for the years 1943 and 1944. He relies on the provisions of section 122, I.R.C. *273 and such cases as Joseph L. Merrill, 9 T.C. 291, Joseph Sic, 10 T.C. 1096, and Hartwig N. Baruch, 11 T.C. 96. Petitioner concedes that these cases and the interpretation of section 122 found therein are against his position but argues that the cases are wrongly decided. We sustain the respondent on both counts. The record contains little evidence of any probative weight. It is filled with estimates and approximations of cost figures based on recollections demonstrated to be faulty. No corroborative or supporting data were produced. No books were produced nor was their absence convincingly accounted for. Although checks were said to be in existence, no check was produced. The tax returns standing by themselves prove nothing except the fact that such returns were made. On the record made we are unable to find any facts except those set out above and these are wholly insufficient to support petitioner's burden of proof. As to the law of the case the respondent must be sustained. None of the losses claimed to have been sustained in the sale or liquidation of the two business activities will support a claim for net operating loss. The losses were *274 not attributable to a trade or business regularly carried on. Dalton v. Bowers, 287 U.S. 404. Decision will be entered for the respondent.