Claudia N. S. Schamberg v. Commissioner.
Claudia N. S. Schamberg v. Commissioner
Docket No. 18454.
United States Tax Court
1949 Tax Ct. Memo LEXIS 138; 8 T.C.M. (CCH) 609; T.C.M. (RIA) 49162; June 27, 1949
*138 In 1945 petitioner sustained a loss from the sale of rental real estate. Petitioner was engaged, during the periods involved, in the buying and selling of real estate. Held, that such loss is not attributable to the operation of the business regularly carried on by petitioner. The loss which can be carried back is limited to the extent provided in section 122 (d) (5) of the Internal Revenue Code. Joseph Sic, 10 T.C. 1096, and Hartwig N. Baruch, 11 T.C. 96, followed. Harry L. Brown, Esq., 125 Park Ave., New York, N. Y., for the petitioner. Sheldon V. Ekman, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: Respondent has determined a deficiency for the calendar year 1944 in the amount of $243.28. Petitioner claims an overpayment in the amount of $6,873.76. *139 In the deficiency notice the respondent disallowed a claimed deduction for interest paid in the amount of $357.77, for lack of substantiation. It is stipulated that petitioner paid such sum as interest in the taxable year, and respondent concedes that petitioner is entitled to a deduction of that amount. The contested issue arises from petitioner's claim of overpayment. The question is whether petitioner, as the result of the sale of her undivided interest in certain rental real estate in 1945, incurred a net operating loss "attributable to the operation of a trade or business regularly carried on" by her within section 122 (d) (5) of the Internal Revenue Code. The proceeding was submitted on a stipulation of facts reading as follows: [The Facts] I. During the calendar year 1944 the petitioner paid to Manufacturers Trust Co. $357.77 interest on money borrowed. II. On May 1, 1917 petitioner acquired an undivided one-third interest in an improved parcel of business real estate known as 1000-02-04 Market Street, Philadelphia, Pennsylvania. III. The said parcel of real estate located at the Southwest corner of Tenth and Market Streets, Philadelphia, *140 consisted of a lot having a frontage of 44 feet on Market Street with a depth of 100 feet along South Tenth Street, improved with a five-story building covering the entire lot. IV. In 1931 the petitioner acquired an additional undivided one-sixth interest in said property. V. From 1931 to July 25, 1945, the petitioner owned an undivided one-half interest in said parcel of real estate. VI. On July 25, 1945, the petitioner's undivided one-half interest in said parcel of real estate had an adjusted basis of $314,250.00 for the purpose of determining taxable gain or loss. VII. On July 25, 1945, petitioner sold her undivided one-half interest in said real estate for $135,749.41 sustaining a loss in the amount of $178,500.59. VIII. At all times from 1917 to July 25, 1945, the petitioner and her co-owners rented said real estate and derived rental income therefrom. IX. In 1943 the petitioner received rental income from said real estate in the amount of $15,000.00 against which she incurred expenses and depreciation in the aggregate amount of $6,343.89 resulting in a net rental income to her of $8,656.11. X. In 1944 the petitioner received rental income from said real estate *141 in the amount of $15,000.00 against which she incurred expenses and depreciation in the aggregate amount of $6,343.84, resulting in a net rental income to her of $8,656.16. XI. From January 1, 1945 to July 25, 1945, the date of sale, the petitioner received rental income from said real estate in the amount of $8,750.00 against which she incurred expenses and depreciation in the aggregate amount of $3,313.08, resulting in a net rental income to her of $5,436.92. XII. In 1945 the petitioner and her husband, Lewis M. Schamberg, filed a joint federal income tax return. XIII. In 1943 and 1944 the petitioner filed a separate federal income tax return. XIV. In 1945 the taxable income of the petitioner and her husband consisted of dividends and interest, $4,722.05; trust income, $31,844.16; net long term capital gain, $47,379.06 and rental income, $8,750.00 and their deductions, allowable for tax purposes, consisted of mortgage interest paid, $2,325.00; agent's rental commission paid, $218.75; depreciation on rental property, $769.33; loss on the sale of the rental real estate, $178,500.59 and miscellaneous nonbusiness deductions aggregating $5,025.68. XV. In the determination of *142 the joint tax liability for 1945 the deductions attributable to Lewis M. Schamberg did not exceed the portion of the joint gross income attributable to him. XVI. In 1943 the taxable income of the petitioner consisted of gross rental income in the amount of $15,000.00 and nonbusiness income in the amount of $31,194.73; her deductions (exclusive of any net operating loss deduction) consisted of nonbusiness deductions in the amount of $3,447.56; mortgage interest paid, $4,650; agent's rental commission paid, $375.05 and depreciation on rental property, $1,318.84. XVII. In 1944 the taxable income of the petitioner consisted of gross rental income in the amount of $15,000.00 and nonbusiness income in the amount of $31,853.53; her deductions (exclusive of any claimed net operating loss deduction) consisted of nonbusiness deductions in the amount of $3,389.12; mortgage interest paid $4,650; agent's rental commission paid $375.00 and depreciation on rental property $1,318.84. XVIII. During the years 1943, 1944 and 1945, the petitioner was not engaged in the business of buying and selling real estate. XIX. During the years 1943, 1944 and 1945 the only income of the petitioner was trust *143 income and income derived from the rental of the premises located at 1000-02-04 Market Street, Philadelphia, Pennsylvania. XX. The federal income tax return of the petitioner for the calendar year 1944 was filed with the Collector of Internal Revenue for the Third District of New York on March 15, 1945. XXI. The petitioner paid a federal income tax for the calendar year 1944 in the amount of $18,561.99. XXII. On each of the dates, March 15, 1944, June 15, 1944, September 15, 1944 and January 15, 1945, the petitioner made a payment of $4,200.00 as estimated tax for the year 1944; on March 15, 1945 the balance of the 1944 tax, amounting to $1,761.99 was paid. [Opinion] Section 122 (d) (5) of the Code provides, with respect to individuals, that deductions "not attributable to the operation of a trade or business regularly carried on by the taxpayer shall * * * be allowed only to the extent of the amount of the gross income not derived from such trade or business. * * *" It is stipulated that during the years 1943, 1944 and 1945, petitioner was not engaged in the business of buying and selling real estate. Since the loss arising from the sale of said real estate is not *144 attributable to a trade or business regularly carried on by petitioner, the amount of the deduction allowable is limited to the extent provided in section 122 (d) (5) of the Code. Joseph Sic, 10 T.C. 1096 (on appeal to C.C.A. 8); Hartwig N. Baruch, 11 T.C. 96 (on appeal C.C.A. 2); Joseph L. Merrill, 9 T.C. 291; affd., 173 Fed. (2d) 310 (C.C.A. 2, March 9, 1949); Lazier v. United States, 77 Fed. Supp. 241; affd., 170 Fed. (2d) 521; Pettit et al. v. Commissioner, 175 Fed. (2d) 195 (C.C.A. 5, June 3, 1949). Petitioner, on brief, concedes that the facts in the instant case are indistinguishable from the facts upon which the decisions in the Sic and Baruch cases, supra, were based. Petitioner, however, argues that our decisions in those cases were erroneous, and requests us to reverse our position. This we decline to do. We conclude that the loss sustained by petitioner from the sale of real estate in 1945 was not attributable to the operation of a trade or business regularly carried on by petitioner and is, therefore, limited to the extent provided in section 122 (d) (5) for the purpose of computing *145 the net operating loss carry-back under section 122 of the Code. Since the only contested issue involved in the deficiency determined by the respondent is the conceded item of interest paid in the taxable year, Decision will be entered that there is no deficiency and no overpayment.