MAMIE TINDALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

J. M. TINDALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 19725, 19726. Promulgated June 9, 1950.

*Wm. Q. Boyce, Esq.*, for the petitioners.
*D. Louis Bergeron, Esq.*, for the respondent.

## OPINION.

JOHNSON, *Judge*: We have before us in these proceedings the unusual situation of the Commissioner urging that there was a partnership between petitioner J. M. Tindall and his son during the taxable years here in question, and petitioners urging that there was not. This claim was first made by petitioners in their petitions initiating these proceedings. It is fundamental that a taxpayer appealing to this Court may set up as a ground of appeal from a proposed additional assessment a right to a deduction which was not claimed in the original return or at any hearing before the Commissioner. *Gutterman Straus Co.*, 1 B. T. A. 243. We have disposed of this issue in our finding of fact that James R. Tindall was not a partner with petitioner J. M. Tindall during the fiscal years ended May 31, 1945 and 1946.

In making that finding we have been guided by the principles set forth by the Supreme Court in the recent case of *Commissioner* v. *Culbertson* (1949), 337 U. S. 733. In that case the Court said that one should not be taxed as a partner merely on the basis of "the intent to provide money, goods, labor, or skill sometime in the future," and that "our decision in *Commissioner* v. *Tower, supra* [327 U. S. 280], clearly indicates the importance of participation in the business by the partners during the tax year." In these proceedings it is plain from the facts that there was no participation by James R. Tindall, petitioners' son, in the business of the Tindall Cotton Oil Mill during the tax years. At the time of his signing the agreement of May 31, 1944, upon which signing respondent contends the son became a partner, the son was in the Army, home on a three-day pass. He remained in the Army until February 13, 1946. He then reentered Oklahoma

A. & M., not going to work for petitioner until he graduated in 1949. He had never previously worked for petitioner in the cotton oil mill business or been in any business in his life. Obviously, James R. Tindall did not provide labor or skill to the alleged partnership during the taxable years ended May 31, 1945, and May 31, 1946. As the Supreme Court said in footnote 6 in its opinion in the *Culbertson* case:

> Of course one who has been a bona fide partner does not lose that status when he is called into military or government service, and the Commissioner has not so contended. On the other hand, one hardly becomes a partner in the conventional sense merely because he might have done so had he not been called.

The cases of *Trapp* v. *Jones* (Dist. Ct., W. Dist. Okla.), 87 Fed. Supp. 415, and *Isaac Blumberg*, 11 T. C. 663, cited by respondent in support of the proposition that the fact that the son was in military service at the time the alleged partnership was formed does not militate against his becoming a partner, are distinguishable for the reason that in both those cases the partnership had been formed prior to the entry of the son into the military service.

But respondent maintains that the son, James R. Tindall, made a valid contribution of capital and that such contribution is evidentiary that he was a bona fide partner. We do not agree that the son made any contribution of capital to the alleged partnership. The agreement of May 31, 1944, recited that the consideration for the conveyance of a one-third interest in the cotton oil mill from petitioner to his son was $30,000, payable at the rate of $3,000 per year beginning May 31, 1947, with interest at the rate of 4 per cent per annum. Thus the son's alleged capital contribution consisted of a note for $30,000, which petitioner testified was to be payable out of profits. However, at the time the son signed the agreement for the purchase of a one-third interest he was a minor. Under the decisions of the Texas courts the contracts of a minor are voidable. *Walker* v. *Stokes Bros. & Co.* (Tex. Civ. App.), 262 S. W. 158. The son had his disabilities as a minor removed on July 24, 1944, two months after signing the agreement. Under *Jones* v. *Teat* (Tex. Civ. App.), 57 S. W. (2d) 617, the removal of the disabilities of a minor is as effective in changing his legal status to that of an adult as is the occurrence of his twenty-first birthday. Under that case, by the same token, a minor may effectively, subsequent to the removal of his disabilities, disaffirm before performance a contract which he had entered into prior to the removal of the disabilities. That is what happened here. The first payment on the note was not due until May 31, 1947. Before that time, on or about April 28, 1947, the indebtedness was canceled and the son reconveyed his one-third interest in the business to petitioner. Clearly, then, the agreement was executory and voidable at the time it was entered into

by the son, an infant, and it was never ratified by him upon the removal of his disabilities, but was in fact avoided before performance by him. Thus the son never contributed any capital to the business, nor was he ever unconditionally bound to do so.

The cases cited by respondent in support of his argument that the son made a valid capital contribution are distinguishable. In *Atkins* v. *United States* (Dist. Ct., W. Dist. La.), 86 Fed. Supp. 342, the son, a minor, had his disabilities removed prior to signing the partnership agreement with his father. Moreover, though he borrowed $20,000 of the cash that he contributed from his father, giving a note therefor, he later repaid the note out of profits, thus making an actual contribution to the capital of the partnership. Similarly, in *Green* v. *Arnold* (Dist. Ct., N. Dist. Tex.), 87 Fed. Supp. 255, the two minors who were held to be partners had given notes as their capital contribution, which they later repaid out of profits. Here, as we have pointed out, the son's only contribution was a voidable note, which was never ratified, but, instead, was specifically avoided by him. The general rule is that an infant's disaffirmance of his contract nullifies it and renders it void *ab initio*. 43 C. J. S. 176. It is therefore our holding that the son made no capital contribution to the alleged partnership.

Looking at the evidence as a whole, then, it is our conclusion, as stated in our findings of fact, that it was not the intention of petitioner J. M. Tindall and of his son James R. Tindall, in good faith and acting with a business purpose, either at the time the agreement of May 31, 1944, was entered into or during the fiscal years ended May 31, 1945 and 1946, to join together in the present conduct of the business, in the test of *Commissioner* v. *Culbertson*, *supra*, of the Tindall Cotton Oil Mill at Twitty, Texas, referred to in that agreement. We have accordingly found that James R. Tindall was not a partner with petitioner J. M. Tindall during the taxable years here in question and we hold that respondent erred in determining that he was and in not allocating all of the losses of that business during those years to petitioners.

No issue was raised by petitioners nor was proof adduced at the hearing as to respondent's assertion of 5 per cent penalties for the taxable years. Therefore, we must hold that such penalties were properly asserted as to any deficiencies found in the hearing under Rule 50.

Petitioners also claim in their petitions the right to carry back a net operating loss from the taxable year ended May 31, 1946, to the taxable year ended May 31, 1945, in the amount of $4,759.68. Whether or not petitioners sustained a net operating loss in the taxable year ended May 31, 1946, which they are entitled to carry back to the taxable year ended May 31, 1945, and in what amount is matter of computation

which should properly be decided in the hearing under Rule 50. See *Hartwig N. Baruch*, 11 T. C. 96, 100; affd. (C. A., 2d Cir., 1949), 178 Fed. (2d) 402.

*Decisions will be entered under Rule 50.*