Ben A. Puente and Marion Puente v. Commissioner.
Puente v. Commissioner
Docket No. 24820.
United States Tax Court
1951 Tax Ct. Memo LEXIS 133; 10 T.C.M. (CCH) 735; T.C.M. (RIA) 51237; August 20, 1951
*133 1. Petitioner, Ben A. Puente, in the course of his employment by a dairy firm in the year 1943 was required to purchase and wear certain types of clothing. Held, the cost of the types of clothing which petitioner was required to purchase and wear in the course of his employment, and which were not adaptable to general and continued wear to the extent that they replaced petitioner's regular clothing, was deductible as an expense pursuant to section 23 (a) of the Internal Revenue Code. 2. In the year 1945, the petitioners, operators of a dairy farm, sold their entire herd of cattle and their farming equipment and went out of business. They suffered a loss on these sales. Held, the loss suffered was not attributable to the operation of a trade or business regularly carried on by the petitioners and was therefore subject to the limitation provision of section 122 (d) e85) of the Internal Revenue Code in computing the amount of any net operating loss deduction under section 122. Joseph Sic, 10 T.C. 1096, affirmed, 177 Fed. (2d) 469, and Hartwig N. Baruch, 11 T.C. 96, affirmed, 178 Fed. (2d) 402. *134 Frank C. Scott, C.P.A., Box 1904, Stockton 100, Calif., for the petitioners. Leonard Allen Marcussen, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion The respondent determined a deficiency in the amount of $199.08 in income and victory taxes for the year 1943 against the petitioners. Petitioners contest that part of the deficiency which is attributable to the respondent's disallowance of the cost of certain work clothing claimed by the petitioners on their return as a deductible expense. It is petitioners' position, however, that no deficiency exists for the year 1943 and they claim an overpayment of $63.35, the total 1943 income and victory taxes paid, by virtue of a claimed net operating loss deduction carried back from the year 1945, and they have made a claim for refund *135 of this amount. This case presents the following questions: 1. Is the cost of any of the following items of wearing apparel which a person employed in a dairy was required to purchase and wear deductible as a business expense: (a) white shirts, trousers, caps, and rubber boots worn inside the dairy; (b) tan shirts, trousers, jacket and cap worn on milk delivery route? 2. Is the loss which is suffered by a dairy farmer as the result of a sale of his herd of cattle and farm equipment in liquidation of his business a loss attributable to the operation of his dairy business and therefore not subject to the limitation of section 122 (d) (5) of the Code in computing the amount of a net operating loss deduction? Findings of Fact Part of the facts were stipulated and they are so found. Petitioners, husband and wife, have their residence at Lodi, San Joaquin County, California. They duly filed a joint income tax return for the calendar year 1943 on a cash receipts and disbursements basis with the collector of internal revenue for the first district of California. For a period of about eight or nine months during the year 1943, the petitioner, Ben A. Puente, was employed by a dairy *136 firm. During the course of his employment he worked inside the dairy and also drove a milk delivery truck. For each type of work his employer required him to purchase and wear a certain type of clothing or uniform. While working inside the dairy, principally in the milking room, the uniform consisted of a white shirt, white trousers, rubber boots, and a white cap, and, on his milk delivery route, a tan shirt, tan trousers, jacket and cap. With respect to the uniform worn while he worked inside the dairy, he had one pair of rubber boots which cost him approximately $7, and about three each of the trousers, shirts and caps, which cost him a total of approximately $18. The white shirts worn by him only while working at the dairy were completely worn out at the time he resigned his position there. The boots, trousers and caps were worn by him only while working at the dairy and were not adaptable to general and continued wear to the extent that they replaced his regular clothing. With respect to his milk delivery uniform, the jacket and cap which he was required to purchase and wear cost him approximately $10. Both the jacket and cap had special emblems thereon so that they were not *137 adaptable to his personal use. However, the tan shirts and trousers worn on the delivery route, which could be worn by him at home, were so adaptable. Petitioner, Ben A. Puente, was required to spend no less than $35 for special clothing or uniforms worn by him only while he was employed at the dairy, which clothing or uniforms were not adaptable to general and continued wear to the extent that they replaced his regular clothing, and this amount ( $35) was an ordinary and necessary expense for carrying on a trade or business. During the year 1945 petitioners were engaged in the business of dairy farming on a rented farm in the Lodi district of San Joaquin County, California. They had begun this business in the latter part of 1944. The petitioners' herd of dairy cattle and the farming and dairy equipment necessary for the operation of the business had been bought on credit and the petitioners' debt for the purchase price thereof was secured by a chattel mortgage thereon to the vendor, a farm machinery dealer. In the year 1945 forced sales were made of the petitioners' farming and dairy equipment and their entire herd of dairy cattle at the insistence of the holder of the chattel *138 mortgage thereon. These sales resulted in a liquidation of their dairy business. Petitioners suffered a loss on such sales computed as follows: Adjusted Basis
for Gain
Proceeds
Loss
or Loss
of Sale
Suffered
Dairy cattle
$13,831.50
$9,332.68
$4,499.82
Farming and
dairy equipm't
4,181.60
4,106.12
75.48
The full amount of such losses was included by the petitioners in their computation of a net operating loss for the year 1945. They filed a claim for refund of all the income and victory taxes assessed and paid on their income and victory tax return for the calendar year 1943 on the basis that the net operating loss was computed in accordance with section 122 of the Code and was allowable as a net operating loss carry back for the year 1943. The respondent denied such claim. Opinion HILL, Judge: The first issue involves the petitioners' right to deductions from gross income of the cost of certain items of clothing which petitioner, Ben A. Puente, was required to purchase and wear while employed by a dairy firm in 1943. We hold that these items of clothing which the petitioner was required to purchase and wear while employed in the dairy *139 which were not adaptable to general and continued wear to the extent that they replaced petitioner's regular clothing constitute a deductible expense under section 23 (a) (1) (A) [1] of the Internal Revenue Code. Helen Krusko Harsaghy, 2 T.C. 484; Eleanor E. Meier, 2 T.C. 458; and Marcus O. Benson, 2 T.C. 12, affirmed 146 Fed. (2d) 191. It appears from the evidence that only the tan trousers and shirts worn by the petitioner on his milk delivery route were so adaptable. The adaptability to personal use of the white shirts worn by him in the dairy need not be considered since the shirts were worn only in the dairy and were completely worn out prior to the time petitioner resigned his position there. The cost of all the clothing, except the tan trousers and tan shirts, which the petitioner was required to purchase and wear while employed at the dairy is a deductible expense under section 23 (a) (1) (A) of the Code. *140 The second issue concerns the right of the petitioners, in the computation of a net operating loss under section 122 of the Code, to the inclusion of the loss suffered by them on the sale of their dairy cattle and farm equipment as a deduction attributable to the operation of their trade or business. Pertinent provisions of section 122 of the Code read as follows: "SEC. 122. NET OPERATING LOSS DEDUCTION. "(a) Definition of Net Operating Loss. - As used in this section, the term 'net operating loss' means the excess of the deductions allowed by this chapter over the gross income, with the exceptions, additions, and limitations provided in subsection (d). * * *
"(d) Exceptions, Additions, and Limitations. - The exceptions, additions, and limitations referred to in subsections (a), (b), and (c) shall be as follows: * * *
"(5) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall (in the case of a taxpayer other than a corporation) be allowed only to the extent of the amount of the gross income not derived from such trade or business. For the purposes of this paragraph deductions and gross *141 income shall be computed with the exceptions, additions, and limitations specified in paragraphs (1) to (4) of this subsection." Petitioners' counsel concedes, and we hold, that the issue presented herein is substantially the same as that in Joseph Sic, 10 T.C. 1096, affirmed 177 Fed. (2d) 469, cert. denied March 13, 1950, and Hartwig N. Baruch, 11 T.C. 96, affirmed 178 Fed. (2d) 402, decided by this Court in favor of the respondent. However, it is petitioners' contention that those cases were wrongly decided and they request us to re-examine the question on the basis of an analysis of the problem made by them in their brief. The arguments of the petitioners are substantially the same as those advanced in the two cases cited above, so that we deem it unnecessary to discuss them herein. We adhere to our previous rulings and hold that the losses on the sale of petitioners' farm equipment and dairy cattle, resulting in a liquidation of their business, did not constitute a deduction attributable to the operation of a trade or business regularly carried on by the petitioners and therefore the limitation of section 122 (d) (5) is applicable. *142 Decision will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or Business Expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *.↩