ELEANOR E. MEIER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 112332. Promulgated July 21, 1943.

*S. D. Viviano, Esq.*, and *Donald Horne, Esq.*, for the petitioner.
*Paul E. Waring, Esq.*, for the respondent.

#### OPINION.

SMITH, *Judge:* This proceeding involves a deficiency in income tax for the calendar year 1940 in the amount of $3.04. The petitioner alleges that the respondent erred in his determination of the deficiency by disallowing as a deduction from gross income the cost of uniforms, caps, hose, etc., which she purchased during the year 1940 for use in a tuberculosis hospital where she was employed as a nurse.

The petitioner is a resident of Paterson, New Jersey. She filed her income tax return for the calendar year 1940, which was made on a cash basis, with the collector of internal revenue for the fifth district of New Jersey.

The petitioner is a graduate nurse. During 1940 she was, and still is, employed in the capacity of charge nurse at Valley View Sanitarium, Paterson, New Jersey, a tuberculosis hospital under the jurisdiction of the Board of Freeholders of Passaic County, New Jersey.

In the performance of her duties petitioner wears a regulation white uniform, white oxfords, white service-weight hose, and a white cap. She wears the above articles only when on active duty. During the calendar year 1940 the petitioner paid $55.34 for uniforms, caps, hose, shoes, etc. Tuberculosis being a contagious disease, uniforms worn on duty are not suitable for other uses.

The only question presented is whether the petitioner is entitled to deduct from her gross income for the calendar year 1940 the $55 which she claimed in her return for that year as the cost of nurse's uniforms, etc. The amount was disallowed as a deduction by the respondent, but the deficiency notice does not state the reason for the disallowance.

Section 23 (a) (1) of the Internal Revenue Code permits the deduction from gross income of "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Paragraph (2) of the same section and subdivision, added by section 121 of the Revenue Act of 1942, provides:

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all of the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

The above amendment is made retroactive to cover the calendar year 1940.

Apparently, the respondent's reason for the disallowance of the deduction was that he considered the amount paid out by the petitioner a personal expense, which section 24 of the Internal Revenue Code specifically provides shall not be deducted from gross income.

In his brief the respondent states:

As far back as 1922 the Bureau of Internal Revenue held that uniforms of nurses took the place of ordinary clothing and that the amounts expended by the wearer for the purchase of such uniforms were personal expenses not deductible from gross income. I. T. 1488 (1922) C. B. 1–2, 145.

The evidence in this case is that petitioner was required, as a condition of her employment, to purchase uniforms and uniform accessories; that she wore them only while on active duty; and that because of the communicable nature of the disease afflicting the patients with whom she was in contact she could not have used her uniform for any other purpose. We think that the amount which petitioner claimed in her return for 1940 as the cost of uniforms and accessories is deductible from gross income under section 23 (a) (1) of the Internal Revenue Code, as amended by section 121 of the Revenue Act of 1942. Cf. *Marcus O. Benson,* 2 T. C. 12.

*Decision of no deficiency will be entered.*