HELEN KRUSKO HARSAGHY, FORMERLY KNOWN AS HELEN KRUSKO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111263. Promulgated July 30, 1943.

*D. B. Chase, Esq.*, for the petitioner.
*W. G. Ruymann, Esq.*, for the respondent.

**OPINION.**

HILL, *Judge:* The sole question is whether petitioner is entitled to deduct from her gross income earned as a nurse the cost of bedside uniforms and the laundering thereof. Petitioner claims their deductibility under section 23 (a) (1) of the Internal Revenue Code as ordinary and necessary business expenses, or, in the alternative, under section 23 (a) (2) of the Internal Revenue Code as ordinary and necessary expenses paid in connection with the production of income. The latter provision was added by section 121 of the Revenue Act of 1942 and is made retroactive to cover the calendar year 1940. Respondent contends that the amounts so expended by petitioner are personal expenses and, accordingly, nondeductible under section 24 (a) (1) of the Internal Revenue Code.

We recently considered a similar question in the case of *Eleanor E. Meier*, 2 T. C. 458. That case involved like uniforms and accessories purchased by a nurse employed in a tuberculosis hospital. The evidence there presented showed that the taxpayer was required to purchase the uniforms as a condition of her employment, that she wore them only while on active duty, and that she could wear her uniform for no other purpose because of the communicable nature of tuberculosis. Under these circumstances we held the cost of uniforms deductible as an ordinary and necessary business expense. In the instant case petitioner was a graduate nurse engaged in private duty nursing. The uniforms served as a mark of her profession and were necessary in the care of her patient from an aseptic standpoint. Petitioner was not connected with a hospital and it was incumbent upon her to purchase and launder her uniforms at her own expense. Moreover, she wore her uniforms only when on active duty. Our

decision is to be governed by the *Meier* case unless it appears that here the uniforms were adaptable to general and continued wear to the extent that they replaced petitioner's regular clothing.

Petitioner's bedside uniform and accessories consist of a simple white dress, white shoes, white stockings and cap, and suffice as wearing apparel so far as bodily comfort is concerned, but it does not thereby follow that such uniform replaces clothing regularly worn by her when not on duty as a nurse. In this country, at least, we have come to regard clothing as constituting more than a mere covering for the human body. Especially among women, the suitability of raiment depends on such matters as style, color, and material. Women outside the nursing profession would hardly consider a nurse's uniform and accessories as incorporating such qualities as would make them either practical or desirable for any purpose, much less general and continued wear. When off duty, petitioner should be expected to dress no differently than her contemporaries without the profession.

Moreover, custom, usage, tradition, and ethics prevent petitioner from wearing her bedside uniforms except when taking care of patients. Petitioner's failure to conform to regulations so established not only would be disrespectful of the precepts of her profession but might jeopardize her opportunities for employment.

Finally, the welfare of the patient calls for cleanliness and sanitation with respect to the clothing of those attending him. This requires the ascepticizing of petitioner's uniforms and demands the wearing of a fresh outfit each day, unsoiled by contact with the outside world.

In view of these circumstances, we are unable to say that petitioner's uniforms are adaptable to general and continued wear to the extent that they replace her regular clothing. The case of *Eleanor E. Meier, supra*, is followed. We hold the cost of petitioner's bedside uniforms and accessories to be deductible under section 23 (a) (1) of the Internal Revenue Code.

Daily laundering was necessary to properly ascepticize the uniforms used in petitioner's profession of nursing. Accordingly, we think it clear that the cost thereof constitutes ordinary and necessary business expense within the meaning of section 23 (a) (1) of the Internal Revenue Code.

Our conclusions are supported by the recent case of *Marcus O. Benson*, 2 T. C. 12, wherein a traffic officer was allowed to deduct the cost of his uniform and expenses in keeping it clean and in repair.

*Decision will be entered for petitioner.*