BILLY F. HATCH, VIRGINIA D. HATCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hatch v. Commissioner
Docket No. 123-75.
United States Tax Court
T.C. Memo 1976-384; 1976 Tax Ct. Memo LEXIS 16; 35 T.C.M. (CCH) 1737; T.C.M. (RIA) 760384; December 16, 1976, Filed Virginia D. Hatch, pro se. J. Michael Brown, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency of $110.95 in petitioners' 1972 income tax. Concessions having been made, the issues we must decide are whether petitioners *17 are entitled to business deductions under section 162(a) [1] for the cost of military dress uniforms, officers' club dues, and certain entertainment expenses. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners timely filed their 1972 Federal income tax return with the Internal Revenue Service Center in Austin, Texas. Petitioners were residents of Temple, Texas, at the time their petition herein was filed. During 1972, petitioner Billy F. Hatch (hereinafter petitioner) was a major in the United States Army. During that year while stationed in South Vietnam, petitioner purchased one dress green and one dress blue uniform plus two "TW" uniforms (made of a light-weight polyester fabric). The total cost of these four uniforms was $200. As a commissioned Army officer, petitioner was required to purchase these uniforms, and he received no allowance or reimbursement for their cost. Also in that year, petitioner incurred costs of $32.82 in mailing the uniforms to Fort Hood, Texas, his permanent duty station. Fort Hood regulations permitted *18 the wearing of fatigue (work) uniforms off post only until 7 p.m. Monday through Friday and only if worn on official military business or traveling to and from a place of residence or making brief stops at retail establishments. Such regulations contained no restrictions on the wearing of dress blue, dress green, or "TW" uniforms off post. [2]
In 1972, petitioner made the following expenditures, which he deducted as business expenses on his 1972 return: Officers' Club Dues
$55.00
First Cavalry Division Formal
11.01
First Cavalry Division Com-
manders' Luncheon
1.59
Retirement Meeting
10.40
Total
$78.00
Membership in the Fort Hood Officers' Club was voluntary, and all officers not wishing to join were required *19 to submit a letter of declination to the commanding general. [3]
OPINION The first issue we must decide is whether petitioner should be allowed a business deduction of $200 under section 162(a) [4] for the cost of four military dress uniforms. On numerous occasions, this Court has held that uniform expenses are personal in nature and therefore nondeductible except where the particular item of clothing is (1) required or essential to the taxpayer's employment, (2) is not suitable for general or personal wear, and (3) is not so worn. Ronald D. Kroll,49 T.C. 557 (1968); Betsy Lusk Yeomans,30 T.C. 757 (1958); Louis M. Roth,17 T.C. 1450 (1952); Helen Krusko Harsaghy,2 T.C. 484 (1943); *20 Eleanor E. Meier,2 T.C. 458 (1943). Section 262 [5] disallows deductions for personal expenses and, with regard to deducting the cost of military equipment and uniforms by a member of the armed services, respondent's regulations provide as follows: The cost of equipment of a member of the armed services is deductible only to the extent that it exceeds nontaxable allowances received for such equipment and to the extent that such equipment is especially required by his profession and does not merely take the place of articles required in civilian life.For example, the cost of a sword is an allowable deduction in computing taxable income, but the cost of a uniform is not. However, amounts expended by a reservist for the purchase and maintenance of uniforms which may be worn only when on active duty for training for temporary periods, when attending service school courses, or when attending training assemblies are deductible except to the extent that nontaxable allowances are received for such amounts. [Sec. 1.262-1(b)(8), Income Tax Regs.] *21 The last sentence of this section of the regulations reflects a proper exception for those cases where military regulations prohibit the wearing of the uniform for general or personal wear. Respondent has carved out a similar exception for fatigues (work uniforms) where local military regulations prohibit their off-duty wear. See Rev. Rul. 67-115, 1967-1 C.B. 30. In the instant case, respondent has conceded that petitioner was required to purchase the uniforms in question but contends that these particular items of clothing are adaptable to non-military wear, thus making their cost nondeductible under section 262. On this issue we agree with respondent. The burden of proof falls upon petitioner, and he has simply failed to show that the uniforms in question were not adaptable and could not be used for civilian purposes. In fact, testimony at trial revealed just the opposite. Petitioner Virginia D. Hatch [6] testified that the dress blue uniform can be and is worn by military personnel at formal social functions, such as weddings and funerals. Further, she stated that the dress green and "TW" uniforms can be worn while traveling, and she was quite vague and somewhat *22 evasive when questioned as to whether such uniforms are also acceptable wear at social functions. Evidence was introduced to show that fatigue uniforms could not be worn off post except under very limited circumstances, but no such evidence was presented with respect to "TW," dress green or dress blue uniforms. Thus, we must conclude that the uniforms purchased by petitioner are types of clothing suitable to be worn while off duty for general or personal wear. Accordingly, petitioner's claimed deduction for their cost must be disallowed. [7]
On his 1972 return, petitioner also deducted $55 for officers' club dues, $11.01 for a First Cavalry Division formal, $1.59 for a Frist Cavalry Division commander's luncheon, and $10.40 for a retirement meeting. In order to be *23 deductible, expenditures for entertainment as well as for a facility used in connection with entertainment [8] must meet the substantiation requirements of section 274. Section 274(d) provides that no deduction for entertainment expenses or with respect to a facility used in connection with entertainment shall be allowed unless- the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. * * * Petitioner has not produced either records or any evidence corroborating his own statement as to the business purpose of the formal dance, the luncheon, or the retirement meeting. The only evidence before us consists of petitioner's wife's *24 testimony, and she did not know of any business reasons for these affairs and was completely unaware of any business discussions or activities which might have taken place. Thus, we must assume that such functions were primarily social in nature and, therefore, we hold the expenses incurred in connection with such functions to be nondeductible. Likewise, absent any substantiation to the contrary, we must conclude that the officers' club was not used by petitioner primarily in furtherance of his business of serving as a military officer. Membership was voluntary, and the evidence presented fell far short of showing that the club was used by petitioner primarily in furtherance of his business activities. As such, we must conclude that the club dues also constitute nondeductible personal expenses. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. The Fort Hood regulations introduced into evidence by petitioner are dated June 4, 1973, and, therefore, are not directly applicable to 1972, the year at issue. Nevertheless, we think such regulations are entitled to some probative value. If the 1972 regulations differed substantially from the 1973 regulations and served to provide additional support for petitioner's position herein, he has failed to bring such regulations to our attention.↩
3. The regulations pertaining to membership in the Fort Hood Officers' Club were introduced into evidence by petitioner and are dated October 2, 1970. Our position set forth in fn. 2, supra↩, is also applicable here.
4. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *↩
5. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
6. Petitioner was stationed in Pittsburgh and could not be present at the trial of this case. His wife, petitioner Virginia Hatch, represented herself and her husband at trial. ↩
7. Our holding disallowing the cla2med deduction for the uniforms necessitates a similar holding with regard to petitioner's claimed deduction of $32.82 for the cost of mailing the uniforms from South Vietnam to the United States.↩
8. Club dues are considered expenditures with respect to a facility used in connection with entertainment. Sec. 1.274-2(e)(3)(ii), Income Tax Regs.↩