EDDY A. VEIZAGA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Veizaga v. Comm'r
Docket Nos. 9526-79, 13384-80. United States Tax Court
T.C. Memo 1981-663; 1981 Tax Ct. Memo LEXIS 83; 42 T.C.M. (CCH) 1678; T.C.M. (RIA) 81663; November 16, 1981. Eddy A. Veizaga, pro se. Lawrence C. Letkewicz, for the respondent. *84 FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined deficiencies in the amounts of $ 2,994.10 for 1976 and $ 2,849 for 1977 in petitioner's Federal income taxes. The issues for decision are: 1. Whether petitioner is entitled to a casualty loss deduction under section 165(a) [1] in either 1976 or 1977 for damage to his hardware business caused by fire; 2. Whether petitioner is entitled to entertainment expense deductions under sections 162(a) and 274 in 1976 and 1977; 3. Whether petitioner is entitled to an interest expense deduction under section 163 in 1977; and 4. Whether petitioner is entitled to employee business expense deductions under section 162(a) in 1976 and 1977. FINDINGS OF FACT Petitioner Eddy A. Veizaga was a legal resident of Chicago, Illinois, when he filed his petition. He filed his Federal income tax returns for 1976 and 1977 with the Internal Revenue Service Center, *85 Kansas City, Missouri. On July 29, 1976, petitioner purchased from Carl Damert (Damert) a hardware business known as Carl-Sons Hardware. The store was located on the first floor of a two-story building at 1627-29 N. Damen Avenue, Chicago, Illinois, near the intersection of two fairly major thoroughfares. As consideration, petitioner paid $ 2,000 for which he received a cash register, 2 key machines, existing shelving and counters, a burglar alarm system, existing inventory and fixtures, an air-conditioner, goodwill, and a covenant by Damert not to compete within a radius of 5 miles of the hardware store for 5 years. No allocation of the total purchase price among these items was made in the bill of sale. Upon receipt of a letter dated September 1, 1976, from Damert's lawyer stating that the sale did not include use of the Carl-Sons Hardware name, petitioner changed the name of the store to Edison's. On August 18, 1976, petitioner entered into a lease with Mrs. Jacob (Marie) Prehler (Prehler), one of the owners of the building in which the hardware store was located. Petitioner later acquired some inventory, the exact amount of which is in question but which included approximately *86 $ 1,700 worth of stock purchased from the B.E. Atlas Company (Atlas) between July 30, 1976, and September 23, 1976. [2]
A fire occurred at 1627 N. Damen Avenue on November 3, 1976, damaging the building and its contents. The Chicago Fire Department, in a routine report, assessed damage to the building's contents as "moderate." The loss was not compensated by insurance. Petitioner instituted a suit against the building's owners, Prehler and Dorothy Schmidt, in the Circuit Court of Cook County, Illinois, alleging that their negligence caused a fire that damaged some of his property. The suit was pending at the time of the trial in the instant case. During 1976 and 1977, petitioner was employed as a respiratory therapist at Cook County Hospital. During 1976 *87 and 1977, his wages and salaries from that employment totaled approximately $ 18,000 and $ 16,000, respectively. According to his income tax returns, all of his income was derived from his employment at Cook County Hospital; he reported no income from sale of merchandise from the hardware business or his grocery business. Subsequent to the purchase of the hardware store, petitioner went through bankruptcy proceedings. He did not list his brother or his sister among his creditors. On his 1976 and 1977 income tax returns, petitioner deducted $ 12,500 each year as a casualty loss resulting from the fire. He also deducted $ 1,800 in 1976 and $ 1,500 in 1977 as business entertainment expenses, $ 415 in 1977 [3] as an interest expense, and employee business expenses of $ 465 in 1976 and $ 400 in 1977. [4] Respondent denied these deductions. Respondent also disallowed $ 100 in moving expenses and $ 380 in medical expenses in 1977, which deductions petitioner concedes were properly disallowed. *88 OPINION 1. Casualty Loss
To be entitled to a casualty loss deduction under section 165(a), [5] petitioner must show that he sustained during the taxable year a loss not compensated for by insurance or otherwise. Such a loss is not deductible if a reasonable prospect of recovering the amount of loss exists. Section 1.165-1(d)(2)(i), Income Tax Regs. Further, the loss must be evidenced by closed and completed transactions. Section 1.165-1(b), Income Tax Regs. In addition, the amount of the loss may not exceed petitioner's basis for the destroyed property. Sec. 1.165-7(b)(1), Income Tax Regs.
Respondent does not dispute the fact that a fire occurred on November 3, 1976, in the building occupied by petitioner's hardware store. Respondent concedes also that there is no reasonable prospect of recovery on petitioner's suit against the building's owners, and that the loss *89 is not, therefore, compensated by insurance or otherwise within the meaning of section 165(a). Respondent contends, however, that petitioner has not substantiated the amount of any loss he may have suffered as a result of the fire. Petitioner estimates his total casualty loss as somewhere between $ 45,000 to $ 60,000. He paid $ 2,000 for the hardware business, purchased approximately $ 1,700 of hardware inventory from Atlas, and testified that he purchased some $ 45,000 to $ 50,000 in inventory with money borrowed from his brother and sister. Petitioner could produce records evidencing inventory purchases of only $ 1,700 from Atlas and could provide scanty information about the types of inventory he allegedly bought and stocked. Significantly, neither his brother nor his sister was called as a witness to corroborate petitioner's testimony as to loans made to them. They were not listed as creditors in his bankruptcy proceeding. Nor was any documentation, such as bank records, offered to show that he received the alleged loans. Petitioner testified that he made sales of stock totaling no more than $ 100 to $ 200 between July and November 1976 when the hardware store was allegedly *90 doing business [6] and gave no credible explanation of why his brother and sister would make such large loans to stock a business making practically no sales. Petitioner has the burden of proof on this issue, Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a); and, in the light of all the testimony, we find it incredible that he suffered the $ 45,000 to $ 60,000 loss which he claims. That petitioner suffered some loss in 1976 seems reasonably clear. On the evidence before us, however, we cannot estimate with any degree of certainty the amount of the loss. Cf. Cohan v. Commissioner, 39 F.2d 540 (1930). Of the $ 1,700 in Atlas inventory, some may well have been sold before the fire. We find it very unlikely that sales of only $ 100 to $ 200 were made in 3 to 4 months of operation of the store in a location near heavily traveled routes. How much of the Atlas inventory was on hand at the time of the fire, there is simply no credible testimony on which we could base an *91 estimate. The only other expenditure made by petitioner is the $ 2,000 payment for the business itself. Petitioner has produced no evidence indicating whether any of the items paid for (cash register, shelving, etc.) were salvageable. We note that the damage to the building contents was only "moderate," according to the Chicago Fire Department report. Some of the purchase price of the business may be allocable to the goodwill and covenant not to compete provided in the bill of sale. [7] Amounts allocable to intangibles are deductible as losses only when there is a closed and completed transaction with respect to them. Sec. 1.165-1(d)(1), Income Tax Regs. Such a closed transaction will ordinarily exist in a case like this one only in the year in which petitioner abandoned the operation of his business. [8] To be entitled to an abandonment loss, the taxpayer must show both an intention to abandon plus an act of abandonment. Massey-Ferguson, Inc. v. Commissioner, 59 T.C. 220, 225 (1972). Although petitioner may not renew his efforts in the hardware business, given his recent encounter with bankruptcy, he produced no evidence to sustain *92 his burden of showing that he abandoned the business in 1976. Any estimate of the portion of petitioner's basis in his business that is allocable to goodwill and any finding that the fire caused an abandonment of the business would be purely speculative. We decline to attempt to estimate the loss in the absence of some guidance by credible evidence. We hold that petitioner has failed to carry his burden of proving the amount of his loss, if any, from the fire.[9]
2. Entertainment Expenses
Section 162(a) [10] permits deductions of all ordinary and necessary expenses incurred during the taxable *93 year in carrying on a trade or business; in the case of entertainment expenses, section 274 and the accompanying regulations condition deductibility on specific substantiation requirements. Petitioner contends that he expended $ 1,200 in 1976 and $ 1,500 in 1977 entertaining representatives of hardware suppliers who sold inventory to his store. Petitioner's contention assumes that he was actively involved in the hardware business, in addition to his hospital job. While he may have been so engaged in part of 1976, there is no evidence that the hardware business was ongoing in 1977. Clearly, there is no believable substantiation for the $ 1,500 deduction in 1977. Petitioner testified that he purchased dinners and some drinks for business suppliers, including meals at the Restlers Steak restaurant and the Ponderosa restaurant. We do not find this testimony credible. It is quite inconceivable that petitioner would find it necessary to entertain salesmen *94 who called on him to sell him merchandise in a business in which he made total sales of only $ 100 to $ 200. Moreover, expenditures for business meals are subject to specific substantiation requirements, sections 1.274-2(f)(1) and 1.274-5, Income Tax Regs., which necessitate corroboration. When records have been lost due to circumstances beyond a taxpayer's control, as petitioner alleges has occurred because of the fire, substantiation is adequate if made by a reasonable reconstruction of taxpayer's expenditures. Sec. 1.274-5(c)(5), Income Tax Regs. Vague generalizations, however, will not suffice. We agree with respondent that petitioner has not provided sufficient evidence to substantiate the disputed entertainment and business meals expenditures under section 274. He could remember no names of the suppliers he allegedly entertained and could provide no dates or times of such meals. As we do not accept the credibility of petitioner's testimony that he spent approximately $ 50,000 in purchasing inventory for his store, we find it hard to accept his estimation of $ 1,200 in entertainment expenses during the period from July 29, 1976, when he bought the *95 store, to November 3, 1976, when the fire occurred. Petitioner has failed to reconstruct in any meaningful way his business entertainment expense records, and respondent correctly denied the claimed entertainment expense deductions for both 1976 and 1977. 3. Interest Expense
Petitioner maintains that he expended $ 415 in 1977 as an interest expense on credit cards and other indebtedness. Section 163(a) [11] permits deduction of all interest paid or accrued on indebtedness, but to take advantage of this section petitioner must obviously prove that the interest was paid or that it accrued. Petitioner presented no evidence other than his oral statement to show that he paid any interest. While oral testimony as to the amount of interest payments may be sufficient in some cases, the host of inconsistencies and incredible statements leave us unconvinced that he made such large interest payments. Petitioner has not met his burden of proof on this issue, Rule 142(a), and we sustain the denial of the deduction. 4. *96 Employee Business Expenses
Section 162(a) permits deduction of certain ordinary and necessary expenses incurred by employees in the course of their services as employees. See section 1.162-17, Income Tax Regs. Costs related to work clothing can be deducted if the clothes are required as a condition of employment and are not suitable for general wear. Kroll v. Commissioner, 49 T.C. 557, 566 (1968); Harsaghy v. Commissioner, 2 T.C. 484 (1943); Meier v. Commissioner, 2 T.C. 458 (1943). In addition to this two-part test, petitioner must show that he was not entitled to reimbursement. Fountain v. Commissioner, 59 T.C. 696, 706 (1973).
Petitioner alleges that he is entitled to deductions of $ 465 in 1976 and $ 400 in 1977 for expenses incurred in acquiring and maintaining the laboratory coat, laboratory pants, and white shoes worn as a respiratory therapist at Cook County Hospital. Respondent disallowed most of the deductions because petitioner did not show that they were ordinary and necessary to his employment. We agree with respondent. While we think it possible that petitioner could *97 meet some or all of these tests (indeed, respondent allowed the "Special Shoes" and "Laundry" expenses in 1977), he simply has not produced sufficient evidence to carry his burden of proof. The record does not show whether the uniforms were required, were unsuitable for everyday use, or were not subject to reimbursement. As for the other items ("Working Materials" in 1976, "Materials to Work" in 1977 and "Insurance for Practice" in 1976), there is absolutely no evidence to sustain any deduction. Petitioner has failed, again, to meet his burden of proof, and we hold tht respondent correctly denied the deduction. Due to concessions, Decisions will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted. All references to Rules refer to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner testified that he ran the hardware store and, next door, a grocery store called Inca Food Store. Petitioner produced no evidence concerning the grocery store inventory or business operations and did not claim any damage to the grocery store as a result of the fire. Although there is testimony indicating that there was water damage to the grocery store, no specific evidence was offered on the point.↩
3. The interest expense deduction for 1977 was comprised of the following: ↩
Master Charge
$ 150
VISA
80
Household Finance
100
I.R.S. Tax Interest
85
$ 415
4. The work related deductions were listed under "Miscellaneous Deductions" as follows: 1976
1977
Working Material
$ 250
Shoes
Not disallowed in notice of deficiency.
[1]↩ $ 105
Special Shoes
120
Laundry
[1] 75
Laundry
70
Materials to Work
400
Insurance for Practice
25
5. SEC. 165. LOSSES. (a) General Rule.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.↩
6. Petitioner's low estimate of sales may have been made, as respondent suggests, to explain the absence of any hardware store income reported on his personal income tax.↩
7. If petitioner's estimate of the amount of sales activity is accurate ($ 100 to $ 200 in 3 to 4 months), the goodwill was worth very little and may have been accorded a minute portion of the purchase price. Also, whatever goodwill was acquired was most likely lost by the change in name from Carl-Sons to Edison's on Sept. 1, 1976. ↩
8. Solar Nitrogen Chemicals, Inc. v. Commissioner, T.C. Memo. 1978-486↩.
9. Because petitioner has failed to establish the amount of his loss, if any, from the fire in 1976, it is clear that he is entitled to no loss carryover to 1977.↩
10. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *↩
11. SEC. 163. INTEREST. (a) General Rule.--There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness.↩