T.C. Memo. 1999-156


UNITED STATES TAX COURT


EDWARD M. FONTANILLA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2384-98.                          Filed May 5, 1999.


Edward M. Fontanilla, pro se.

Peter C. Rock, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


PARR, Judge:  Respondent determined an income tax deficiency
of $8,612 and an accuracy-related penalty of $1,722 for
petitioner's 1995 taxable year.

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable year in

issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar, unless otherwise indicated.

After concessions,[1] the issues for decision are: (1) Whether petitioner may deduct uniform expenses as unreimbursed employee expenses. We hold he may to the extent set out below. (2) Whether petitioner is entitled to a deduction for charitable contributions. We hold he is to the extent set out below. (3) Whether petitioner may deduct travel expenses as unreimbursed employee expenses. We hold he may not. (4) Whether petitioner may deduct expenses he claimed that he incurred in a retail sales activity. We hold he may to the extent set out below. (5) Whether petitioner is liable for an accuracy-related penalty for the underpayment of income tax attributable to negligence or disregard of rules or regulations. We hold he is.

---

[1]Petitioner concedes that, having deducted $1,910 for real estate taxes paid, it was improper to also deduct the same amount as home mortgage interest, and that he received $17 of unreported interest income. Respondent concedes that petitioner paid $13,470 of home mortgage interest, $1,910 of real estate taxes, $3,460 of State and local income taxes, and $283 for vehicle registration. In addition, respondent concedes that petitioner paid $338 and $112 of dues to the California Nurses Association and Union Local 250, respectively. Finally, petitioner claimed $1,200 as a deduction for personal property taxes for which he had no substantiation or recollection of the circumstances of payment. We consider this amount conceded by petitioner.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the accompanying exhibits are incorporated into our findings by this reference. At the time the petition in this case was filed, petitioner resided in Daly City, California.

Petitioner is a registered nurse and is required to wear a nurse's white uniform while on duty at the hospitals. For the year at issue, petitioner claimed $2,850 as a miscellaneous deduction for work shoes, uniforms, and union dues.

Petitioner worked at three hospitals in the San Francisco Bay area for several months during the year at issue. On days that he worked at more than one hospital, petitioner would work for a few hours at one hospital and then drive to another hospital where he would work for a few more hours. Petitioner claimed $3,750 as an unreimbursed employee expense for job travel.

Petitioner is a devout Catholic and regularly attends San Pedro Holy Angel Church in Daly City. Petitioner claimed a deduction of $260 for cash contributions to this church. Petitioner also claimed a $500 deduction for a contribution of old clothes to the Salvation Army.

During the year at issue, petitioner engaged in a retail sales activity of selling magnets that were supposed to promote

the relief of pain.  Petitioner reported $580 of gross receipts from this activity on Schedule C, Profit or Loss From Business, and claimed $174 as the cost of goods sold and $5,167 of business-related expenses.

OPINION

Respondent determined that petitioner was not entitled to the deductions he claimed on his return because petitioner did not provide any substantiation for the amounts reported. Petitioner asserts that he is entitled to the claimed deductions; however, he offered no books or records to prove that he actually expended the amounts at issue.

Respondent's determinations are presumed correct, and petitioner bears the burden of proving otherwise.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Taxpayers do not have an inherent right to take tax deductions.  Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving entitlement to any deduction claimed.  See Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Moreover, a taxpayer is required to maintain records that are sufficient to substantiate his deductions.  See sec. 6001.

Issue 1.  Uniforms

Petitioner claimed $2,400 as a miscellaneous deduction for the cost of his work shoes and nurse's uniforms.[2]

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  Whether an expenditure is ordinary and necessary is a question of fact.  See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).  However, no deduction shall be allowed for personal, living, or family expenses.  See sec. 262.

The cost of acquisition and maintenance of uniforms is deductible generally if (1) the clothing is of a type specifically required as a condition of employment, (2) it is not adaptable to general usage, and (3) it is not so worn.  See Yeomans v. Commissioner, 30 T.C. 757, 767 (1958).

While we do not doubt that nurse's uniforms and shoes may be deductible, see, e.g., Harsaghy v. Commissioner, 2 T.C. 484 (1943); Meier v. Commissioner, 2 T.C. 458 (1943), petitioner provided scant evidence that he actually spent $2,400 on uniforms

---

[2]Petitioner claimed $2,850 as the total cost of shoes, uniforms, and union dues.  Respondent agrees that petitioner paid a total of $450 for union dues.  Thus, the difference between these amounts is equal to the cost petitioner claimed for the acquisition and maintenance of his work shoes and uniforms.

and special shoes.  This is particularly troubling as the amount claimed appears to be large.

If a taxpayer has established that deductible expenses were incurred but has not established the amount of such expenses, we may estimate the amount allowable, bearing heavily if we so choose upon the taxpayer whose inexactitude is of his own making. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, there must be evidence in the record that provides a rational basis for our estimate.  See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Although petitioner testified that he purchased two pairs of shoes for work during the year at issue, he also testified that he preferred athletic shoes of the type that is suitable for use outside of his work environment.  This type of shoe in this circumstance does not satisfy the tripartite test for deduction. Petitioner testified that he spent "at least $50 every two to three months" on uniform acquisition.  He also testified that, because he was required to wear a clean uniform every day, he spent "$15 to $20" every 2 weeks on laundry.

The amounts that petitioner testified to at trial do not add up to $2,400.  Nonetheless, we are satisfied that petitioner did incur some deductible expenses for acquiring and maintaining his uniforms and, using our judgment, allow a deduction in the amount

of $380.  See <u>Cohan v. Commissioner</u>, <u>supra</u>.  However, this amount is subject to the limitations of section 67.

<u>Issue 2.  Charitable Contributions</u>

Petitioner testified that he attends church at least once every week and that he contributed $5 to $10 every Sunday. Petitioner claimed a deduction on his return for $260 for cash gifts that he made to the church that he attends.  Section 170 allows a deduction for charitable contributions made during the taxable year.  We find that petitioner is entitled to this deduction.  See <u>Cohan v. Commissioner</u>, <u>supra</u>.

Petitioner also claimed a charitable contribution deduction of $500 for some old clothes and uniforms that he donated to the Salvation Army.  Where a charitable contribution is made in property other than money, section 170 allows a deduction of the fair market value of the property at the time of contribution. See sec. 1.170A-1(c)(1), Income Tax Regs.  Petitioner bears the burden of proving both the fact that the contribution was made and the fair market value of the contributed property.  See Rule 142(a); <u>Zmuda v. Commissioner</u>, 79 T.C. 714, 726 (1982), affd. 731 F.2d 1417 (9th Cir. 1984).

Petitioner offered only a general description of the articles of old clothing that he donated.  While we believe that petitioner actually did donate some old clothes, petitioner's testimony that the value of the clothing was $500 was vague and

unconvincing.  Petitioner, therefore, has failed to prove the value of this contribution.  Using our judgment, we find that the fair market value of the donated property was $15.  Thus, petitioner is entitled to a deduction in this amount.  See Cohan v. Commissioner, supra; Zmuda v. Commissioner, supra.

Issue 3.  Transportation Expenses

Petitioner claimed a deduction of $3,750 for unreimbursed employee travel expenses for the miles that he drove between hospitals on the days that he worked at more than one hospital.[3]

Section 274(d) imposes stringent substantiation requirements for the deduction of travel expenses, entertainment expenses, gift expenses, and expenses of certain listed property defined under section 280F(d)(4) such as an automobile.  See sec. 274(d)(1); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  If an expense item comes within the requirements of section 274(d), this Court cannot rely on Cohan v. Commissioner, supra, to estimate the taxpayer's expenses with respect to that item.  See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a)(4), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

---

[3]Petitioner reported that he drove 12,500 business miles and claimed the standard mileage deduction of 30 cents per mile.

In order to claim deductions, taxpayers must substantiate by adequate records certain items such as the amount and place of each separate expenditure, the property's business and total use, the date of the expenditure or use, and the business purpose for an expenditure or use. See sec. 274(d); sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). In addition, section 274(d)(1) requires the same substantiation for any deduction claimed "under section 162 or 212 for any traveling expense".

To substantiate a deduction by means of adequate records, a taxpayer generally must maintain an account book, diary, log, statement of expense, trip sheets, or similar record, and documentary evidence which, in combination, are sufficient to establish each element of each expenditure or use, including business purpose and relationship. See sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Petitioner provided this Court with no records with respect to his use of an automobile. Thus, we find that petitioner has failed to substantiate the deduction claimed for automobile transportation as required by section 274(d) and the regulations thereunder. Respondent is sustained on this issue.

Issue 4. Retail Sales Activity Deductions

During the year at issue, petitioner was engaged in selling magnets that were supposed to promote the relief of pain.

Petitioner reported $580 of gross receipts from this activity on Schedule C, Profit or Loss From Business, and claimed $174 as the cost of goods sold and $5,167 of business-related expenses, for a net loss of $4,761. Of the claimed expenses, $5,135 is for the use of petitioner's automobile, including mileage, insurance, and repairs. Respondent disallowed these expenses in their entirety because petitioner did not establish that the expenses were paid or incurred during the taxable year and that they were ordinary and necessary.

As discussed above, a passenger automobile is listed property, and to substantiate a deduction attributable to listed property a taxpayer must comply with the strict substantiation requirements of section 274(d) and the regulations thereunder. Petitioner did not provide this Court with any records related to the use of his automobile. Respondent is sustained on this item.

Petitioner claimed $174 as the cost of goods sold. Gross income does not include the cost of goods sold. See sec. 1.61-3(a), Income Tax Regs. We think that it is very unlikely that petitioner could have realized $580 of gross profits without incurring some cost for the magnets that he sold. Thus, we allow $100 as the cost of goods sold. See Cohan v. Commissioner, supra.

As to the other disallowed Schedule C expense, petitioner presented no evidence to substantiate that expense. Respondent, therefore, is sustained on that item.

Issue 5. Accuracy-Related Penalty

We have found that petitioner deducted $1,910 that he paid for real estate taxes and that he also claimed the same expense as home mortgage interest, and that he claimed deductions for items that he could not substantiate. Furthermore, petitioner conceded that he received $17 of unreported interest income.

Respondent determined that petitioner is liable for the accuracy-related penalty for negligence or intentional disregard of rules or regulations pursuant to section 6662.

Section 6662 provides for the imposition of a penalty equal to 20 percent of the portion of the underpayment which is attributable to negligence or disregard of rules or regulations. See sec. 6662(a) and (b)(1). For purposes of this section, the term "negligence" includes any failure to make a reasonable attempt to comply with the internal revenue laws, a failure to exercise ordinary and reasonable care in the preparation of a tax return, or a failure to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. See Neely v. Commissioner, 85 T.C. 934, 947

(1985).  The term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations.  Sec. 6662(c).

Just as with respondent's deficiency determination, his determination of negligence or intentional disregard of rules or regulations is prima facie correct, with the burden of proof to the contrary on petitioner.  See <u>Neely v. Commissioner</u>, <u>supra</u>.

Petitioner did not address the section 6662 penalty issue at trial.  Petitioner has failed to carry his burden of proof, and we sustain respondent's determination of the penalty.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.