T.C. Summary Opinion 2011-17


UNITED STATES TAX COURT


ANIETRA Y. HAMPER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22375-09S.          Filed February 24, 2011.


Anietra Y. Hamper, pro se.

<u>Anita A. Gill</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent

section references are to the Internal Revenue Code, and all Rule

references are to the Tax Court Rules of Practice and Procedure.

Respondent determined the following deficiencies in

petitioner's Federal income taxes and accuracy-related penalties:

| Year | Deficiency | Accuracy-Related Penalty Section 6662 |
|---|---|---|
| 2005[1] | $3,242 | $648.40 |
| 2006 | 4,138 | 827.60 |
| 2007 | 4,760 | 952.00 |
| 2008 | 4,352 | 870.40 |

[1]Petitioner signed Form 872, Consent to Extend the Time to Assess Tax, for 2005 but alleged she was pressured and tricked into signing the document.  She did not explain or otherwise provide evidence that she did not understand Form 872 and its contents.

The issues for decision are whether petitioner is entitled

to deduct unreimbursed employee business expenses claimed on

Schedules A, Itemized Deductions, and whether she is liable for

the section 6662 accuracy-related penalties for the years at

issue.[1]

## Background

Some of the facts have been stipulated and are so found.

The stipulation of facts and supplemental stipulation of facts

and the exhibits received into evidence are incorporated herein

---

[1]Respondent determined that petitioner failed to report interest income of $29 and $24 for 2005 and 2007, respectively. Petitioner did not present any credible evidence or otherwise allege that she did not receive interest income in 2005 and 2007 as respondent determined.  The issue is deemed conceded.  See Rule 34(b).

by reference. At the time petitioner filed her petition, she resided in Ohio.

On Schedules A of her Federal income tax returns for the years at issue, petitioner claimed deductions for unreimbursed employee business expenses of $20,713, $18,604, $22,602, and $21,759, for 2005, 2006, 2007, and 2008, respectively. These deductions for unreimbursed employee business expenses included expenses for clothing, a cell phone, mileage expenses, professional expenses, subscriptions, union dues, supplies, promotional products, legal expenses, hair, nail, and makeup expenses, office expenses, dry cleaning costs, educational and self-defense class costs, and Internet expenses.

During the years at issue petitioner was employed as a morning and noon television news anchor. As a television news anchor petitioner is required to maintain a specified professional appearance as described in the Women's Wardrobe Guidelines (guidelines). The guidelines provide that the "ideal in selecting an outfit for on-air use should be the selection of 'standard business wear', typical of that which one might wear on any business day in a normal office setting anywhere in the USA." The guidelines point out that there is no correlation between the cost of an outfit and its appropriateness for use, and generally a conservative outfit purchased "off the rack" at a local

department store is more acceptable than excessively stylish items purchased at a designer boutique.

The guidelines also recommend avoiding certain clothing such as those with flamboyant or loud patterns which may be distracting on camera, heavy tweed suits, and outfits with buttons or accessories that are overly large, as television tends to make them look even larger.

The general guideline is that petitioner maintain a professional and conservative appearance. She must maintain her hair in a neat and conservative cut and maintain her fingernails at a reasonable length, finished with conservatively colored nail polish.

In addition to her duties as a news anchor, which include writing, selecting, and preparing news stories for broadcast, petitioner is required to attend promotional appearances throughout the year. Because she is an ambassador of her station, she must maintain a professional image and demeanor at all times. She is also required to have an overnight bag ready at all times, in the event she is called out of town, in which she maintains several changes of clothing.

Consistent with the requirement that petitioner maintain a neat, professional, and conservative appearance, and as a part of her community appearances, she incurred considerable expenses for

clothing and for maintaining her appearance during the years at issue.

On June 30, 2009, respondent issued to petitioner a notice of deficiency disallowing a portion of her business expense deductions[2] asserting that they are nondeductible personal expenses or do not otherwise satisfy the strict substantiation requirements of section 274.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 7491(a)(1) provides that, subject to certain limitations, where a taxpayer introduces credible evidence with respect to a factual issue relevant to ascertaining the taxpayer's tax liability, the burden of proof shifts to the Commissioner with respect to that issue.

Petitioner maintains that she has satisfied the requirements of section 7491(a) and therefore the burden of proof should shift

---

[2]Respondent stipulated that although petitioner did not enter into evidence receipts for 2006, 2007, and 2008, she did in fact substantiate a portion of her expenses as provided in the stipulations.

to respondent. She alleges that she fully cooperated with all reasonable requests by respondent and provided all documentation and information relating to her expense deductions.

Respondent stipulated most of the factual issues relating to petitioner's claimed expense deductions. In this case the determination of whether an expense is an unreimbursed employee business expense is a question of law; therefore, section 7491 is inapplicable. To the extent respondent has not stipulated the remaining factual determinations, the Court resolves those issues on a preponderance of the evidence, without regard to the burden of proof.

## II. Claimed Business Expense Deductions

Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed. See INDOPCO, Inc. v. Commissioner, supra at 84; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction. See Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 262 expressly denies a deduction for "personal, living, or family expenses." On the other hand, section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred in carrying on any trade or business. Generally, the performance of services as an employee constitutes a trade or

business.  Primuth v. Commissioner, 54 T.C. 374, 377 (1970).
Whether expenditures are for ordinary and necessary business
expenses is a question of fact, and the taxpayer must demonstrate
that the purpose of the expenditure was primarily business rather
than personal and that the business in which the taxpayer is
engaged benefited or was intended to be benefited by the
expenditure.  Hynes v. Commissioner, 74 T.C. 1266, 1289 (1980);
Chapman v. Commissioner, 48 T.C. 358 (1967).

A.  Clothing and Accessory Costs

Although a business wardrobe is a necessary condition of
employment, the cost of the wardrobe has generally been
considered a nondeductible personal expense pursuant to section
262.  See Kennedy v. Commissioner, T.C. Memo. 1970-58, affd. 451
F.2d 1023 (3d Cir. 1971).  The general rule is that where
business clothes are suitable for general wear, a deduction for
them is not allowable.  See Donnelly v. Commissioner, 262 F.2d
411 (2d Cir. 1959), affg. 28 T.C. 1278 (1957); Hynes v.
Commissioner, supra at 1290; Roth v. Commissioner, 17 T.C. 1450
(1952).  Such costs are not deductible even when it has been
shown that the particular clothes would not have been purchased
but for the employment.  Stiner v. United States, 524 F.2d 640
(10th Cir. 1975); Donnelly v. Commissioner, supra.

There are recognized exceptions to the general rule where,
for example, the clothing was useful only in the business

environment in which the taxpayer worked.  See, e.g., <u>Mortrud v.</u> <u>Commissioner</u>, 44 T.C. 208 (1965); <u>Harsaghy v. Commissioner</u> 2 T.C. 484 (1943); <u>Meier v. Commissioner</u>, 2 T.C. 458 (1943).  The rules for determining whether the cost of clothing is deductible as an ordinary and necessary business expense are:  (1) The clothing is required or essential in the taxpayer's employment; (2) the clothing is not suitable for general or personal wear; and (3) the clothing is not so worn.  <u>Yeomans v. Commissioner</u>, 30 T.C. 757, 767 (1958).  When the cost of acquiring clothing is deductible, then the cost of maintaining such clothing is likewise deductible as an ordinary and necessary business expense.  <u>Mortrud v. Commissioner</u>, <u>supra</u>.

During the years at issue petitioner purchased clothing for her position as a news anchor.  She wears her business clothing only at work and maintains her business clothing separately from her personal clothing.  She explained that the requirement to wear conservative clothing makes her business clothing unsuitable for everyday wear.

Petitioner purchased most of her business clothing and accessories from typical clothing stores such as Nordstrom's, Kohl's, Victoria's Secret, Macy's, Old Navy, JCPenney, Sportmart, Casual Corner, DSW, Ann Taylor Loft, Dick's Sporting Goods, Marshall's, Charlotte Russe, and other local clothing stores.

Petitioner's clothing purchases for work consisted of such items as traditional business suits, lounge wear, a robe, sportswear, active wear, lingerie, cotton bikini and cotton thong underwear, and evening wear. She also deducted expenses for an Ohio State jersey, jewelry, bedding, running and walking shoes, and dry cleaning costs.

Petitioner used a self-described criterion for determining whether a clothing expense was deductible. She would ask herself "would I be buying this if I didn't have to wear this" to work, "and if the answer is no, then I know that I am buying it specifically" for work, and therefore, it is a deductible business expense.

Hynes v. Commissioner, supra, involved a taxpayer in circumstances very similar to petitioner's. The taxpayer in Hynes worked as a television news anchor and deducted business expenses for wardrobe, laundry and dry cleaning, haircuts and makeup, hotels and meals, and car expenses and depreciation. The taxpayer purchased a particular wardrobe that was restricted in terms of color and pattern that he was able to wear on the air. The Court reasoned that the restriction on the taxpayer's selection of business attire, however, was not significantly different from that applicable to other business professionals who must also limit their selection of clothing to conservative styles and fashions. The Court further reasoned that the fact

that the taxpayer chose not to wear the business clothing while away from the station did not signal that the clothing was not suitable for private and personal wear. In fact, as the Court noted, most professionals typically do not wear their business clothes for private or personal wear.

Similarly, petitioner does not satisfy the requirement that her clothing not be suitable for everyday personal wear. Although she is required to purchase conservative business attire, it is not of a fashion that is outrageous or otherwise unsuitable for everyday personal wear. Given the nature of her expenditures, it is evident that petitioner's clothing is in fact suitable for everyday wear, even if it is not so worn. Consequently, the Court upholds respondent's determination that petitioner is not entitled to deduct expenses related to clothing, shoes, and accessory costs, as these are inherently personal expenses. Additionally, because the costs associated with the purchase of clothing are a nondeductible personal expense, costs for the maintenance of the clothing such as dry cleaning costs are also nondeductible personal expenses.

B. <u>Contact Lenses, Makeup, and Grooming Expenses</u>

Petitioner incurred expenses for the purchase of contact lenses in the years at issue and testified that she wears for work a different contact lens prescription that enables her to read the teleprompter. In addition to the cost of prescription

contact lenses, she also deducted the costs for contact lens solution and Softsoap morning mist pump soap.  There is no indication beyond her own testimony and she presented no credible evidence that she was required to and did obtain an additional prescription for work.

Petitioner also purchased makeup and testified that the makeup was designed for on-the-air appearances and provided significantly more coverage than ordinary makeup.[3]

Petitioner typically purchased her makeup from Nordstrom's and drugstores that sell ordinary cosmetics.  The receipts offered into evidence do not indicate purchases for special makeup designed for on-camera use but simply indicate purchases for ordinary makeup suitable for everyday wear.  The Court is unable to determine whether the makeup she purchased was primarily for business use.

Petitioner also obtained regular haircuts and manicures. Other maintenance expenditures included teeth whitening and skin care product purchases.

Petitioner's expenditures for manicures, grooming, teeth whitening, and skin care are inherently personal expenditures. Although these expenses may be related to her job, expenses that are inherently personal are nondeductible personal expenses.  As

---

[3]Petitioner's contract with NBC provided that NBC would provide the makeup necessary for on-the-air performances.  She testified that her employer did not purchase on-the-air makeup.

in <u>Hynes v. Commissioner</u>, 74 T.C. at 1292, the fact that petitioner's employment contract with the station required her to maintain a neat appearance does not elevate these personal expenses to a deductible business expense.

C.  <u>Self-Defense Class Expenses</u>

Petitioner deducted, as a business expense, expenses she incurred for self-defense classes in the form of gym membership fees.

Petitioner's position as a news anchor made her a public figure in her local area.  Petitioner was one of the unfortunate public figures affected by stalking and was advised by the local police to undertake self-defense classes as a protective measure.

Although petitioner testified that she enrolled in self-defense classes with a private instructor, the only substantiation relating to self-defense classes for the years at issue was her gym membership dues at Lifetime Fitness. Furthermore, petitioner's daily log for 2005, which provided a detailed account of her weekly schedule, does not indicate that she attended self-defense classes.  On an almost-daily basis petitioner noted her workout for each day, which included kickboxing, yoga, running, walking, weights, and cardio.  But any reference to self-defense classes was notably missing from the log.

Generally, costs incurred in maintaining good health are inherently personal expenditures, and to be entitled to a deduction, the taxpayer must demonstrate that the expenses were different from or in excess of what he would have spent for personal purposes.  See, e.g., <u>Fred W. Amend v. Commissioner</u>, 55 T.C. 320, 325-326 (1970) ("some expenses are so inherently personal that they simply cannot qualify for section 162 treatment irrespective of the role played by such expenditures in the overall scheme of the taxpayers' trade or business"), affd. 454 F.2d 399 (7th Cir. 1971); <u>Sutter v. Commissioner</u>, 21 T.C. 170, 173 (1953).

The Court recognizes that petitioner may have been the target of stalkers.  Unfortunately, petitioner has not shown how her gym membership fees were related to her business, or that they were otherwise an ordinary and necessary business expenses for her position as a news anchor.

D.  <u>Professional Associations and Dues and Legal Fees</u>

Respondent stipulated that petitioner incurred and substantiated legal fees of $2,239 and professional dues of $75 in 2006.  Respondent further stipulated that petitioner substantiated expenses of $50 to the National Academy of Television Arts and Sciences in both 2005 and 2007 and $207 for legal fees in 2007.  Finally, respondent stipulated that

petitioner incurred and substantiated expenses of $50 paid for professional dues in 2008.

Petitioner argues that these expenses are associated with her business activities and her performance review, which affects her contract, position, pay, and career.

The Court is satisfied that the foregoing expenses during the years at issue were substantiated ordinary and necessary business expenses. To the extent petitioner was unable to substantiate her legal expenses for 2008, a deduction for the unsubstantiated expense is denied.

E. Subscriptions

Petitioner testified that she is expected to have constant access to news. Accordingly, she subscribes to cable television and Internet, newspapers, magazines such as Cosmopolitan, Glamour, Newsweek, and Nickelodeon, and satellite radio.

Subscribing to periodicals of general interest does not generate an ordinary and necessary business expense within the meaning of section 162. Specifically, the purchase of general circulation newspapers is a personal expense that taxpayers may not deduct. Stemkowski v. Commissioner, 690 F.2d 40, 47 (2d Cir. 1982), affg. in part and revg. in part 76 T.C. 252 (1981). Subscription expenses with respect to trade and professional magazines relating to a taxpayer's trade or business may be

deductible under section 162.  See <u>Kasey v. Commissioner</u>, 54 T.C. 1642, 1650 (1970), affd. 457 F.2d 369 (9th Cir. 1972).

Although the foregoing news sources keep petitioner abreast of relevant breaking news, expenses for access to these news sources are inherently personal, and petitioner has not shown how these expenses are ordinary and necessary business expenses.  See sec. 262.  Basic cable television, similar to daily newspapers, contains a significant amount of information which is inherently personal.  As with the purchase of a television or television repair, cable television access is not deductible, and petitioner has failed to show that her use of the cable television, satellite radio, and newspaper subscriptions were ordinary and necessary business expenses.  In addition, petitioner failed to demonstrate that her magazine subscriptions for Glamour, Cosmopolitan, Newsweek, and Nickelodeon served a valid business purpose for her position as a news anchor.  Accordingly we hold that petitioner is not entitled to deduct the foregoing expenses.

F.  <u>Section 274 Expenses</u>

Section 274 imposes heightened substantiation requirements for certain types of deductions, including deductions for car and truck expenses, meals and entertainment, cellular phones, and gifts.  Secs. 274(d), 280F(d)(4).  To claim deductions for these expenses a taxpayer must keep adequate contemporaneous records

showing the amount, business purpose, and business relationship of the expense.  Sec. 274(d).

### 1.  Cell Phone Expense

Petitioner testified that she used her cell phone when she was not at work in order to set up stories and solicit feedback from viewers.  Petitioner did not present credible evidence, however, sufficient to satisfy the strict substantiation requirements of section 274.  See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Accordingly, petitioner's claimed deductions for the years at issue are disallowed.

### 2.  Vehicle Expenses

Pursuant to section 274(d), any deduction claimed with respect to the use of a passenger automobile will be disallowed unless the taxpayer substantiates specified elements of the use by adequate records or by sufficient evidence corroborating the taxpayer's own statement.  See sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

To meet the adequate records requirements of section 274(d), a taxpayer must maintain some form of records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  A contemporaneous log is not required, but corroborative evidence

to support a taxpayer's reconstruction of the elements of an expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

The elements that must be substantiated to deduct expenses for the business use of an automobile are:  (1) The amount of the expenditure; (2) the mileage for each business use of the automobile and the total mileage for all use of the automobile during the taxable period; (3) the date of the business use; and (4) the business purpose of the use of the automobile.  See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., supra.

For 2005 petitioner presented a mileage log detailing her business mileage.  In addition, petitioner provided a maintenance vehicle report in corroboration of her mileage log.  The mileage log and odometer readings, however, conflict with the maintenance vehicle report.  Given that petitioner's mileage log for 2005 substantially conflicts with her vehicle history report, the Court is unable to conclude that the mileage log is credible in determining her business mileage for 2005.

As for the remaining years at issue, petitioner has not presented credible evidence or documentation in support of her claimed business mileage.  Accordingly, respondent's determination is sustained in full.

### 3. Business Gifts

The heightened substantiation requirements of section 274 also apply to business gifts. Sec. 274(d)(3). Petitioner has introduced receipts as evidence in support of her claimed deductions for business gifts for 2005. However, petitioner did not explain the business purpose of the gifts and the business relationship with the persons to whom the gifts were given. See sec. 1.274-5T(b)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Accordingly, the Court sustains respondent's determination with regard to the business gifts.

### 4. Meals and Entertainment

The elements required to prove a business expense for entertainment include: (1) The amount of the expenditure; (2) the time and place of the entertainment; (3) the business purpose for the entertainment; and (4) the taxpayer's business relationship with the persons entertained. Sec. 1.274-5T(b)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46015 (Nov. 6, 1985).

For 2005 petitioner offered into evidence a detailed day planner documenting her activities throughout 2005. In corroboration of her events in her day planner, petitioner offered a limited number of receipts documenting meal expenditures for 2005.

Although petitioner incurred meal expenses in the years at issue, as stipulated by respondent, she failed to present any

credible evidence as to the business purpose for those meal expenditures and the business relationship with the person(s) entertained. Accordingly, the Court must deny petitioner's claimed deductions for meal and entertainment expenses in the years at issue.

G. Remaining Expenses

Petitioner claimed expense deductions for other expenses which included professional expenses, promotional products, and supplies for 2006 and 2008, items for speaking engagements for 2005, other expenses for 2007, and miscellaneous and office expenses for 2008. Petitioner did not testify or otherwise provide substantiating documentation for the foregoing expenses. Accordingly, respondent's determination regarding the foregoing expenses is sustained.

III. Accuracy-Related Penalty

Respondent determined that petitioner is liable for an accuracy-related penalty under section 6662(a) for each year. Section 6662(a) and (b) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, including negligence or disregard of rules or regulations. "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c);

sec. 1.6662-3(b)(1), Income Tax Regs.  Under section 7491(c),
respondent has the burden of production with respect to the
accuracy-related penalties.  See Higbee v. Commissioner, 116 T.C.
438, 446 (2001).

Section 6664(c)(1) provides an exception to the section
6662(a) penalty if it is shown that there was reasonable cause
for any portion of the underpayment and the taxpayer acted in
good faith with respect to such portion.  The determination of
whether a taxpayer acted with reasonable cause and in good faith
is made on a case-by-case basis, taking into account all the
pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income
Tax Regs.  The most important factor is the extent of the
taxpayer's effort to assess his proper tax liability.  Id.
Circumstances that may indicate reasonable cause and good faith
include an honest misunderstanding of fact or law that is
reasonable in view of the taxpayer's experience, knowledge, and
education.  Id.

Petitioner alleges that she acted in good faith and with
reasonable cause in deducting her business expenses because the
tax law says that all business expenses that are ordinary and
necessary are deductible and that her deductions are specific to
the job she performs as a news anchor.

The law is well settled that expenditures that are
inherently personal are nondeductible despite the seeming

relation to a taxpayer's business.  Petitioner has presented no other credible evidence that she should not be subject to the accuracy-related penalties for the years at issue.  Therefore, the Court sustains respondent's determination as to the accuracy-related penalties.

The Court has considered the other arguments of the parties, and they are either without merit or not necessary in view of our resolution of the issues in this case.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.